FILED
 2012 Jan-19 PM 04:08
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JERRY CARROLL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL ACTION NO.** |
| | ) |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S NOTICE OF REMOVAL

**COMES NOW** defendant Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., hereby gives notice of removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.  In support thereof, PRA respectfully shows unto the Court as follows:

1975223 v1

## I. <u>INTRODUCTION</u>

1.      Plaintiff Jerry Carroll ("Plaintiff"), commenced this action by filing a Complaint ("Complaint") on December 13, 2011, in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2011-904404.00.  (*See* Complaint, attached hereto with the court file as Exhibit A.)  The Circuit Court of Jefferson County, Alabama, is a state court within this judicial district and division.

2.      Plaintiff brings claims against PRA under the Fair Debt Collection Practices Act ("FDCPA"), alleging generally that PRA failed to make required disclosures to Plaintiff in violation of the FDCPA (*Id.*, ¶ 70) and that PRA's collection methods were harassing and illegal. (*Id.*, ¶¶ 30-33.)  Additionally, Plaintiff alleges that PRA made harassing and repeated telephone calls to Plaintiff, and that the calls were attempts to harass Plaintiff into paying PRA. (*Id.*, ¶¶ 30-32, 47.)  In addition to his FDCPA claims, Plaintiff brings state law claims for invasion of privacy; negligent, wanton, and/or intentional hiring, training, and supervision; and negligent, wanton, and intentional conduct.  (*Id.*, ¶¶ 90-122.)

3.      This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

1975223 v1

2

pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b)   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) and (b) as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

5. Furthermore, PRA was served with a copy of the Complaint in this action on December 20, 2011, so this removal is timely.  *See* 28 U.S.C. § 1446(b).

6. In the Complaint, Plaintiff seeks a judgment against PRA for an unspecified amount of compensatory damages, statutory damages, nominal damages, punitive damages, attorneys' fees, costs and other relief.  (*Id.*, Prayer for Relief.)

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

7. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question

is presented on the face of a plaintiff's complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8.  Plaintiff's Complaint, which contains allegations that PRA violated the federal FDCPA, asserts claims arising under the Constitution, laws or treaties of the United States.  *See* 15 U.S.C. § 1692, *et seq.*; *see also* Ex. A, Complaint, ¶ 1.

9.  Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441(b).

### III. SUPPLEMENTAL JURISDICTION

10.  This Court can exercise supplemental jurisdiction over the state law claims Plaintiff makes against PRA because these claims form part of the same case or controversy as Plaintiff's FDCPA claim.  The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

11.  In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's FDCPA claim.  Specifically, Plaintiff alleges that the same activity that supports his state law claims also supports his FDCPA claim.  (*See* Complaint, ¶¶ 72-86.)  Thus, Plaintiff's state law claims in

this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

12.   Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Braswell Wood Co., Inc. v. Waste Away Group, Inc.*, No. 2:09-cv-891, 2011 WL 2292311, *3 (M.D. Ala. June 9, 2011) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiff's FDCPA claim. *See id.* at *1 (citing 28 U.S.C. § 1367(c)). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of PRA's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. PRA also reserves the right to demand arbitration pursuant to any contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## V. PROCEDURAL REQUIREMENTS

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

15. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon PRA to date in this case.

16. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

17. PRA has not previously sought similar relief.

18. The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

19. PRA reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

20. Contemporaneously with the filing of this Notice of Removal, PRA has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Jefferson County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

**WHEREFORE**, PRA prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this the 19th day of January, 2012:

/s/ R. Frank Springfield
Alan D. Leeth (LEE038)
R. Frank Springfield (SPR024)
S. Kristen Peters (PET065)

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:   (204) 458-5110
aleeth@burr.com
fspringf@burr.com
kpeters@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by U.S. First Class Mail, hand delivery, fax or email on this the 19th day of January, 2012:

John G. Watts
M. Stan Herring
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
john@wattslawgroup.com
msh@wattslawgroup.com

/s/ R. Frank Springfield
OF COUNSEL